Orrin W. Pineo, petitioner,

*v.*

Natalie Bushnell Craven, otherwise called Natalie
Bushnell Pineo, defendant.

[Decided August 16th, 1940.]

*Messrs. Hopkins & King,* for the petitioner.

*Messrs. Howe & Davis,* for the defendant.

Herr, A. M.

Defendant, Natalie B. Pineo, makes application to this
court in behalf of herself, her mother, Mrs. Natalie Bushnell,
and her aunt, Miss Olga Borcherdt, all residing outside of
this state, to have their testimony taken by deposition *de
bene esse.* The petitioner resists, contending that the matter
is purely within the discretion of the court, and that the appli-
cation should be denied upon the merits.

The application is made under *R. S. 2:100-26; N. J. S. A.
2:100-26:*

"Before whom testimony taken. Any party in a civil cause or any
defendant in any indictment desiring the testimony of any witness

who resides out of this state may, instead of taking his testimony by commission, take the testimony of such witness *de bene esse*, before any judge of any supreme, circuit or district court, or court of common pleas, of the state or country where such witness is, or before any commissioner of deeds appointed by the governor of this state, resident in the state or country where such witness is, or before a commissioner specially appointed for that purpose by the court in which such action is pending, or any judge thereof, or before a master in chancery of this state." *Source L. 1900 c. 150 p. 375 § 45 (Comp. Stat. p. 2234 § 45)*.

It will be observed that the present form of statute is derived from, and except in minor respects not important to a decision of the issue now presented, identical with section 45 of the Evidence act *(Comp. Stat. 1910 p. 2234)*. The old section 45 is covered by four sections, 2:100-26 to 29 *(N. J. S. A. 2:100-26 to 29)*, inclusive.

As to Mrs. Pineo herself, the petitioner argues that the court has discretion as to whether or not to permit the taking of her depositions, citing *R. S. 1937, 2:100-46 (N. J. S. A. 2:100-46)*, which reads as follows:

"Examination *de bene esse* of party absent from state; commission; procedure; effect. If a party in any action or proceeding of a civil nature pending in any of the courts of this state, be absent from the state, whether the residence of such party be within or without the state, the court in which such action or proceeding is pending, in its discretion, or any judge of such court, in term or vacation, on affidavit or proof thereof, to the satisfaction of such court or judge, and on such terms as such court or judge may direct, may award and issue, under the seal of the court, a commission to such person or persons as the court or judge may think fit, authorizing such person or persons, or any two or more of such persons, to examine *de bene esse* such party on oath, in the same manner and with the same force and effect as in the case of a material witness who resides out of the state." *Source L. 1902 c. 143 p. 459 § 1 (Comp. Stat. p. 2236 § 56b)* ; *Suppl. to L. 1900 c. 150 p. 362*.

It will be noted, however, that this section applies only to cases in which a commission is sought.

The case of *Baelde* v. *San Domingo Improvement Co., 83 Atl. Rep. 485; 35 N. J. L. J. 111,* a Supreme Court case decided June 21st, 1912, is in point. In that case the plaintiff made application to have his own testimony taken *de bene esse*. The defendant resisted the application quoting 2:100-46,

in its then form (*P. L. 1902 c. 143 p. 459 § 1; Comp. Stat. p. 2236 § 56b*). The court considered the identical questions now raised, saying, on page 486:

"Before the enactment of the present evidence statute of 1900, the law provided for depositions to be taken in two cases; the first of witnesses within the state, and with which we are not concerned here; secondly, of witnesses residing out of the state. The latter could be accomplished by two methods. *Gen. Stat. 1403.* The first method was by a commission awarded and issued by the court or the judge upon proof of the facts 'and on such terms as the court or judge may direct' to examine *de bene esse.* This required the approval of the interrogatories. The procedure is given in *Gen. Stat. 1403* §§ *29 to 46,* both inclusive. The forty-fourth section enacts 'that the party requiring such examination of depositions shall be at the sole expense thereof, and shall not have any allowance for the same in the taxation of costs.' Under this statute, where testimony was taken on a commission, the amounts paid to counsel and for the expense of the commission were disallowed in *Main* v. *Main, 50 N. J. Eq. 712; 25 Atl. Rep. 372.* The second method of taking the testimony of a foreign witness is sometimes called that of the 'open commission.' This first appears, I think, in the act of 1862, page 225. It has been carried in the act apparently ever since, first as section 38 of the Evidence act of 1874, amended in 1893 (*Gen. Stat. 1410 § 66*). This is now section 45 of the Evidence act of 1900, page 375. In 1908 a supplement (page 277) was passed providing that the party requiring the examination should, in the first instance, be at the sole expense, which might be included in the taxed costs of the prevailing party if so ordered. This section, as above stated, was construed in *Hite* v. *Dell, 78 N. J. Law 239; 73 Atl. Rep. 72.* I take it that the procuring of the deposition of a foreign witness, either by a commission or upon notice, was a matter of right and not a matter resting in the discretion of the court."

While it is true that that decision was a Supreme Court issue, the same statutes concerning depositions apply to this court as well. *R. S. 2:100-9* (*N. J. S. A. 2:100-9*) (which was

section 47 of the old Evidence act; *Comp. Stat. 1910, p. 2235*). See, also, *R. S. 2:100-39 (N. J. S. A. 2:100-39)*. The old form of this statute, section 46 (*Comp. Stat. 1910, 2234*), explicitly provides:

"It being the intention of this section to give the parties to actions who reside out of state the same privilege to have their depositions taken out of state as to other witnesses in such actions residing out of state."

It seems clear, therefore, that the purpose of *R. S. 2:100-39 (N. J. S. A. 2:100-39)* is to extend the right granted by *R .S. 2:100-26 (N. J. S. A. 2:100-26)* so as to include parties as well as witnesses.

In the *Baelde Case*, the court directly considered that question, and so held on page 486:

"Up to the passage of the act of 1900, however, no provision was made for the taking of the evidence of a party to an action. Such right was incorporated in the forty-sixth section of the act of 1900; the latter part of which reads as follows: 'It being the intention of this section to give to the parties to actions, who reside out of the state, the same privilege to have their depositions taken out of the state as to other witnesses in such actions, residing out of the state.' It is clear that thereby parties and witnesses are put upon the same footing, and the privilege to a party is to be measured by the privilege theretofore accorded to a witness. It will be noticed that the forty-sixth section applies to a non-resident."

A little further on, the court says:

"I take it the act of 1902 is not effective to enlarge the powers of the judge to impose terms under the application *sub judice*."

There can be no question as to the right of the defendant, Mrs. Pineo, to have the testimony of her mother and her aunt taken out of the state. They are not parties to this action, they have complete liberty of movement, and no legal means can compel them to come to New Jersey. This court must therefore order their testimony to be taken in Iowa, and even if there be discretion to decline to order Mrs. Pineo's evidence to be taken in like manner, there is little point in denying the

defendant the right to testify, when the same commissioner could be used to take the testimony at the same time and place with no additional burden imposed upon the parties. It is, of course, always desirable for the court (especially when it sits as a jury as well as a judge of law) that the witnesses be seen directly, as credibility is sometimes so determined. However, this argument can be applied to the testimony of any witness taken out of the state. The absence of an opportunity to observe the witnesses' manner in testifying always exists, and if this were a controlling consideration the discretion of the court ought never to be exercised so as to permit the taking of testimony *de bene esse.*

Since this is a suit to annul a marriage, the state is a party. Public policy requires that the defense be encouraged. Mrs. Pineo's refusal to attend this court in person, while it may not be reasonably justified, must be excused on the ground of her emotional instability, the reality and serious extent of which is evident from the proofs already before the court. For this reason, as well as upon the grounds first above stated, I think her application should be granted.

I will advise an order accordingly.